UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| REGINALD BOXLEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:18-cv-00262-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Federal inmate Reginald Boxley filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge application of the career offender enhancement to his sentence. [R. 1] The government has filed its response [R. 15], to which Boxley has replied [R. 16] Having reviewed the submissions of both parties, the Court concludes that Boxley's sentence was properly enhanced and his petition must therefore be denied.

In November 1998, Boxley was charged in Jackson, Tennessee with possessing crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was convicted of that offense in July 2002 following a jury trial. A presentence investigation report concluded that at least two of Boxley's prior convictions in Tennessee were for "crimes of violence" under the Sentencing Guidelines: a 1988 conviction for aggravated assault and a 1988 conviction for first-degree burglary. [R. 15-2 at Page ID #102-03, 118-21] The report therefore concluded that Boxley constituted a career offender pursuant to U.S.S.G. § 4B1.1, and thus qualified for an enhanced sentence.[1] The trial court agreed, and at a sentencing hearing on November 8, 2002

---

[1] Although it did not figure into the career offender determination, the report detailed an extensive criminal history well above and beyond these two offenses. That history involved 18 non-trivial

sentenced Boxley to a 360-month term of imprisonment. *United States v. Boxley*, No. 1: 98-CR-10045-JDT-1 (W.D. Tenn. 1998). The Sixth Circuit affirmed on direct appeal. *United States v. Boxley*, 373 F.3d 759 (6th Cir.), *cert. denied*, 543 U.S. 972 (2004). In 2005, Boxley filed an initial motion for relief under 28 U.S.C. § 2255, but the trial court dismissed it as untimely. *Boxley v. United States*, No. 1: 05-CV-1354-JDT (W.D. Tenn. 2005).

In 2016, the Sixth Circuit granted Boxley permission to file a second or successive § 2255 motion to challenge the enhancement of his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), but directed the trial court to hold the motion in abeyance pending the Supreme Court's then-upcoming decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In his § 2255 motion, Boxley argued that while *Johnson* had invalidated the enhancement provision found in the Armed Career Criminal Act, 18 U.S.C. § 924(e), his sentence was (or may have been) enhanced under the residual clause found in U.S.S.G. § 4B1.2(a)(2), and its nearly identical wording should likewise be held void for vagueness. When the Supreme Court decided *Beckles*, it concluded that the sentencing guidelines – at least those in effect after its decision in *United States v. Booker*, 543 U.S. 220 (2005) rendered the guidelines advisory - "... are not amenable to a vagueness challenge." *Beckles*, 137 S. Ct. at 894. But Boxley's sentence was imposed before *Booker* when the guidelines were still mandatory, and *Beckles* did not address "... whether defendants sentenced ... before ... *Booker* ... may mount vagueness attacks on their

---

convictions over the course of a decade, including for grand larceny, reckless endangerment after shooting at a person, unlawful possession of a weapon, punching a police officer in the jaw, and assault for dragging an individual while in a vehicle. By the time of his federal sentencing, Boxley had been a fugitive for nearly four years; was a suspect in a robbery and homicide committed in Paducah, Kentucky; had been charged with a separate aggravated assault for shooting another person; and had been charged with first degree burglary, unlawful imprisonment, and wanton endangerment (the last charge allegedly involving Boxley firing a semi-automatic weapon towards a crowd of people). *United States v. Boxley*, No. 1: 98-CR-10045-JDT-1 (W.D. Tenn. 1998) [R. 142 therein].

2

sentences." *Id*. at 903 n.4 (Sotomayor, J., concurring in the judgment). Deciding Boxley's § 2255 motion, the trial court then concluded that his challenge to his mandatory guidelines sentence was untimely because *Johnson* did not create a new right upon which he could base his second or successive motion for relief. *Boxley v. United States*, No. 1:16-CV-1265-JDT (W.D. Tenn. Sept. 24, 2018) (citing *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017)).

In his § 2241 petition, Boxley contends that neither his 1988 aggravated assault conviction nor his 1988 first-degree burglary conviction constitute a crime of violence in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Because Boxley was convicted and sentenced in 2002 under a mandatory guidelines regime and because he relies upon *Mathis*, a case decided a dozen years after his conviction, the Court assumes without deciding that he satisfies the threshold requirements set forth in *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016) to assert this claim in a § 2241 petition.

However, both of Boxley's prior convictions properly qualified as crimes of violence as required to enhance his sentence. When Boxley's sentence was imposed on November 8, 2002, the 2002 version of the Sentencing Guidelines[2] provided that an offense qualified as a crime of violence: (a) under the "elements" clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (b) under the enumerated offenses clause if it "is burglary of a dwelling, arson, or extortion, involves use of explosives"; or (c) under the residual clause if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1), (2) (Nov. 1, 2002). In addition, Application Note 1 to Section 4B1.2 lists both "aggravated assault" and "burglary of a dwelling"

---

[2] This version applies because "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a) (Nov. 1, 2002).

3

as crimes of violence, and offenses listed in the Application Note are considered "enumerated offenses." *United States v. Rodriguez*, 664 F. 3d 1032, 1036 (6th Cir. 2012).

In 1988, when Boxley was convicted of first degree burglary, Tennessee law defined burglary as "the breaking and entering into a dwelling house, or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant, lessee or paying guest, by night, with intent to commit a felony." Tenn. Code Ann. § 39-3-401(a) (1982). *Mathis* teaches us to first look to decisions of the Tennessee courts to determine if the statute sets forth alternative means or elements, *Mathis* at 136 S. Ct. at 2256, and the Tennessee Supreme Court has held that the statute defined only a single offense of burglary. *State v. Teasley*, 719 S.W.2d 148, 150 (Tenn. 1986). The statute is thus indivisible. See *Snider v. United States*, 908 F.3d 183, 188 (6th Cir. 2018). Tennessee first degree burglary also fits within the generic definition of burglary as an enumerated offense, as both entail an intrusion on a place of habitation. *United States v. Ferguson*, 868 F. 3d 514, 515 (6th Cir. 2017); *United States v. Jones*, 673 F. 3d 497, 505 (6th Cir. 2012) ("The pre-1989 statute was at least as narrow as the *Taylor* court's definition of generic burglary, because it applied only to dwellings and occupied buildings. So the statute under which Defendant was convicted was a generic burglary statute."). This conviction was therefore properly characterized as one for a crime of violence.

Boxley was also convicted in 1988 of aggravated assault pursuant to Tenn. Code Ann. § 39-2-101(b)(2) (1986). [R. 15-6] The 1988 version of the statute is, like its successors, divisible because it "includes 'multiple, alternative elements, and so effectively creates several different crimes.'" *Braden v. United States*, 817 F. 3d 926, 932-33 (6th Cir. 2016) (quoting *Descamps v. United States*, 570 U.S. 254, 264 (2013)); *Drake v. United States*, No. 17-6446,

4

2018 WL 6436412 (6th Cir. Apr. 12, 2018). See also *United States v. Perez-Silvan*, 861 F.3d 935, 940-43 (9th Cir. 2017). To determine which crime Boxley was convicted of committing, the Court may review charging documents such as the indictment. *Descamps*, 570 U.S. at 264. Boxley was charged with assaulting his victim with a deadly weapon, a baseball bat, under § 39-2-101(b)(2). [R. 15-7] A conviction under that provision qualifies as a violent felony under the elements clause. *Davis v. United States*, 900 F.3d 733, 736-38 (6th Cir. 2018); *United States v. Joy*, 658 F. App'x 233, 236 (6th Cir. 2016); see also *United States v. Phillips*, No. No. 17-5760, 2019 WL 1568708, at *3-4 (6th Cir. Apr. 11, 2019). It also separately qualifies as a crime of violence under the enumerated offenses clause. *United States v. Cooper*, 739 F.3d 873, 881-83 (6th Cir. 2014). Boxley's conviction for aggravated assault therefore supplied the necessary second conviction for a crime of violence, and his sentence was properly enhanced pursuant to U.S.S.G. § 4B1.1. The Court must therefore deny his petition as without merit.

Accordingly, it is **ORDERED** as follows:

1. Reginald Boxley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 8th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge